IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**COURTNEY GUTIERREZ**                                                                                    **PLAINTIFF**

vs.                                                  No. 4:20-cv-4108-SOH

**THE 1873 CLUB OF TEXARKANA,**                                                           **DEFENDANTS**
**CROSSTIES OF TEXARKANA, INC.,**
**CROSSTIES TEXARKANA HOLDINGS, INC.,**
**ALLISON MUNN, JOE GAY and**
**RONALD LESLIE MUNN**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Courtney Gutierrez ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendants The 1873 Club of Texarkana, Crossties of Texarkana, Inc., Crossties Texarkana Holdings, Inc., Allison Munn, Joe Gay and Ronald Leslie Munn (collectively "Defendant" or "Defendants"), she states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is an action brought by Plaintiff against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.     Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA and the AMWA.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff was employed by Defendant within the Texarkana Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is an individual and resident of Miller County.

7. Separate Defendant The 1873 Club of Texarkana ("1873 Club") is a domestic, nonprofit corporation.

8. 1873 Club's registered agent for service is Allison Munn at 112 East 5th Street, Texarkana, Arkansas 71854.

9. 1873 Club operated as Paragon Lounge until around September of 2020.

10. Separate Defendant Crossties of Texarkana, Inc. ("Crossties") is a domestic, nonprofit corporation.

11. Crossties's registered agent for service is Joe Leslie Gay at 324 East Broad Street, Texarkana, Arkansas 71854.

12. Separate Defendant Crossties Texarkana Holdings, Inc. ("Crossties Holdings") is a domestic, for-profit corporation.

13. Crossties Holdings's registered agent for service is Joe Gay at 419 Turkey Creek Lane, Texarkana, Arkansas 71854.

14. Separate Defendant Allison Munn ("A. Munn") is an individual and resident of Arkansas.

15. Separate Defendant Joe Gay ("Gay") is an individual and resident of Arkansas.

16. Separate Defendant Ronald Leslie Munn ("L. Munn") is an individual and resident of Arkansas.

## IV.   FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

18. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19. Upon information and belief, the revenue generated from 1873 Club, Crossties and Crossties Holdings was merged and managed in a unified manner.

20. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

21. A. Munn is a principal, director, officer, and/or owner of 1873 Club, Crossties and Crossties Holdings.

22. A. Munn took an active role in operating 1873 Club, Crossties and Crossties Holdings and in the management thereof.

23. A. Munn, in her role as an operating employer of 1873 Club, Crossties and Crossties Holdings, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

24. A. Munn, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

25. L. Munn is a principal, director, officer, and/or owner of 1873 Club, Crossties and Crossties Holdings.

26. L. Munn took an active role in operating 1873 Club, Crossties and Crossties Holdings and in the management thereof.

27. L. Munn, in his role as an operating employer of 1873 Club, Crossties and Crossties Holdings, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

28. L. Munn, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

29. Gay is a principal, director, officer, and/or owner of 1873 Club, Crossties and Crossties Holdings.

30. Gay took an active role in operating 1873 Club, Crossties and Crossties Holdings and in the management thereof.

31. Gay, in his role as an operating employer of 1873 Club, Crossties and Crossties Holdings, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

32. Gay, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

33. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

34. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products.

35. Defendants are employers within the meaning of the FLSA and the AMWA and were, at all times relevant herein, Plaintiff's employers.

36. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

37. Defendant owns and operates a bar in Texarkana and an event venue in Texarkana.

38. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

39. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

40. Specifically, Defendant employed Plaintiff as a Manager and Assistant Manager from February of 2020 to July of 2020.

41. Plaintiff's primary duties were hiring and firing staff, creating schedules, managing and processing inventory, booking entertainment, cleaning the bar, and opening and closing the bar. Plaintiff also designed the website and advertising for Defendant's event venue.

42. Defendant did not tell Plaintiff whether she would be paid salary or hourly; rather, Defendant merely told Plaintiff that she would be "taken care of."

43. During the approximately four months that Plaintiff worked for Defendant, she received one payment of $500.00, which was purportedly for her work designing the website, and one payment of about $155.00, which consisted of her tips while bartending one night.

44. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her some wages, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

45. Plaintiff regularly worked over forty hours per week.

46. Plaintiff regularly worked hours for which she was not paid.

47. Plaintiff estimates she worked between eighty and one hundred hours per week.

48. Plaintiff logged all or most of the hours she worked at Defendant's bar on timecards which she turned in to Defendant.

49. Because Plaintiff was required to work hours which went uncompensated, Defendant failed to pay Plaintiff a proper minimum wage for all hours worked and a proper overtime rate for all hours worked over forty each week.

50. Defendant knew or should have known that Plaintiff was working hours off the clock for which she was not compensated.

51. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all hours worked.

52. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V. FIRST CLAIM FOR RELIEF—FLSA VIOLATION

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular

wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57. Defendant failed to pay Plaintiff for all hours worked, including a proper minimum wage for all hours worked and 1.5x her regular rate for all hours worked in excess of 40 hours per week, as required by the FLSA.

58. Defendant knew or should have known that its actions violated the FLSA.

59. Defendant's conduct and practices, as described above, were willful.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

61. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CLAIM FOR RELIEF—AMWA VIOLATION

63. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

64. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

65. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

66. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

67. Defendant failed to pay Plaintiff for all hours worked, including a proper minimum wage for all hours worked and a lawful overtime rate of 1.5x her regular rate for all hours worked in excess of 40 hours per week, as required by the AMWA.

68. Defendant knew or should have known that its practices violated the AMWA.

69. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Courtney Gutierrez respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.  Judgment for damages suffered by Plaintiff for all unpaid minimum wages and overtime wages under the FLSA, the AMWA and their related regulations;

C.  Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D.  An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF COURTNEY GUTIERREZ**

SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com