**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

**COURTNEY GUTIERREZ**                                                                 **PLAINTIFF**

v.                                            **CASE NO. 4:20-cv-4108-SOH**

**THE 1873 CLUB OF TEXARKANA,**                                                        **DEFENDANTS**
**CROSSTIES OF TEXARKANA, INC.,**
**CROSSTIES TEXARKANA HOLDINGS, INC.,**
**ALLISON MUNN, JOE GAY and**
**RONALD LESLIE MUNN**

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made and entered into by and between Plaintiff Courtney Gutierrez (hereinafter referred to as "Employee" or "Plaintiff"), which includes her agents, heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), and Defendants The 1873 Club of Texarkana ("The 1873 Club"), Crossties of Texarkana, Inc. ("Crossties"), Crossties Texarkana Holdings, Inc. ("Crossties Holdings"), Allison Munn, Joe Gay, and Ronald Leslie Munn, which, includes any assigns, including The 1873 Club's, Crossties' and Crossties Holdings' current and former officers, agents, shareholders, directors, owners, employees, attorneys, accountants, franchisors, successors, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, and affiliated entities, if any (hereinafter collectively referred to as "Defendants") (collectively, "the Parties").

**I.      STATEMENTS OF FACT**

The Parties acknowledge that:

Plaintiff and Defendants dispute the nature of services provided by Plaintiff to The 1873 Club of Texarkana, Inc. in 2020, including her status as an employee or contractor, number of hours worked, and nature of services provided;

It is the desire of the Parties to settle fully, finally, and forever any and all issues that may exist between them, including but not limited to any claims, disputes, or other issues arising out of Employee's alleged employment with Defendants.

Moreover, the Parties desire to resolve any and all claims which Plaintiff may have against Defendants as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation;

The Parties have exchanged information relating to Plaintiff's claims and Defendants' defenses and jointly attended a settlement conference with a Magistrate Judge to assess the strengths and weaknesses of their claims and defenses;

Plaintiff further represents and warrants that she freely negotiated the terms of this Agreement and agrees to and executes it voluntarily. Plaintiff understands that this is a voluntary waiver of certain claims as set forth herein, whether known or unknown against Defendants, that relate in any way to her alleged employment with, contracted work with, complaints about, injuries from, compensation due, benefits, contractual obligations, or separation from Defendants, up to and including the date of the execution of this Agreement;

Plaintiff acknowledges and agrees that in exchange for entering into this Agreement, she is receiving consideration, i.e., payments described below, which is something that she is not otherwise entitled to receive; and

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the Parties agree as follows:

## II.     AGREEMENT

### A.     Payments.

1. Defendants agree to pay the gross amount of Six Thousand Four Hundred Dollars and 00/100 ($6,400.00) in full and final settlement of Plaintiff's claims for back wages in this matter. This payment will be made as follows:

    a. Defendants will collectively make one payment to Plaintiff in the amount of Six Thousand Four Hundred Dollars and 00/100 ($6,400.00), reportable on a 2022 IRS Form 1099. A form 2022 IRS Form 1099 will be issued to reflect the payment to Plaintiff. Plaintiff agrees to provide Defendants with a 2022 Form W-9 to facilitate this payment.

    b. This payment represents the negotiated back wages, liquidated damages, interest, and other damages allegedly owed to Plaintiff.

    c. The check will be provided by Defendants' Counsel to Plaintiff's Counsel, Sanford Law Firm, PLLC, at 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, no later than forty-five (45) days from the Court's approval of this Agreement.

2. Plaintiff shall have 90 days from the date of payment to negotiate the settlement check. If Plaintiff's check is lost, destroyed, or otherwise unusable, Plaintiff's Counsel shall notify Defendants, through counsel, within 90 days of the date of payment and Defendants will, upon verification that the original check has not been negotiated, issue a replacement. The payee shall have 90 days from the date of re-issuance to negotiate the replacement check.

Doc ID: ecad829fab001dde040459dd4c903a71b276c404

**B.     Attorney Fees and Costs.** The Parties have not yet negotiated a separate amount of attorney fees and costs to Plaintiff. Counsel for the Parties agree to negotiate in good faith regarding any attorney fee payment related to this settlement. If counsel for the Parties cannot reach a mutual agreement, counsel for Plaintiffs will submit a Petition for Fees with the Court for review and approval within thirty (30) days following an entry of an Order granting dismissal of this litigation. In the event a Petition for Fees is submitted to the Court, the Parties agree that Court determined attorney fee award may be paid by Defendants in up to six (6) monthly installments, the final of which shall be paid on or before December 31, 2022. The Parties further agree that Defendants may, in their discretion, prepay any installment payment or the balance of the attorney fee award, without incurring any penalty for such prepayment.

**C.     Dismissal of All Claims with Prejudice.** Upon approval by this Court, the claims of Plaintiff set forth in the Complaint in this matter will be dismissed by the Court with prejudice. Plaintiff represents and warrants that, other than this lawsuit, she has no other lawsuits, charges, administrative proceedings, or other claims of any nature pending against Defendants in any state or federal court or before any agency or other administrative body. Plaintiff represents and warrants that she has not assigned to a third party any of her current or potential claims against Defendants.

**D.     Limited Release of Claims by Plaintiff.** In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendants, officially and individually, their representatives and assigns, as well as any predecessors, successors, parent and subsidiary corporations, affiliates, related entities, owners, directors, and officers (together the "Released Entities") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendants for alleged unpaid wages, liquidated or other damages, unpaid costs, contract payments, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiff under the FLSA and AMWA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the States of Arkansas and/or Texas, regarding failure to pay minimum wages and/or overtime wages.

1.   Claims Not Waived. The claims released under Paragraph II.D of this Agreement do not include the following claims that Plaintiff may have: (1) the right to continued benefits in accordance with the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); (2) any claim to enforce the terms of this Agreement; and/or (3) any claim which cannot be waived as a matter of law.

2.   Administrative Relief. Nothing in this Agreement shall interfere with the Plaintiff's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, U.S. or Arkansas Departments of Labor, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. However, Plaintiff hereby waives any and all rights to recover monetary relief in any way, by virtue of any such investigation, hearing or proceeding conducted by those agencies for claims released by virtue of this Agreement and

Doc ID: ecad829fab001dde040459dd4c903a71b276c404

arising prior to the Effective Date of this Agreement. Further, nothing in this Agreement shall prohibit Plaintiff from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

  E. **No Future Employment:** In further exchange for the consideration provided by Defendants, Plaintiff agrees to waive and relinquish any claim to any future employment, right of reinstatement, or future consideration for employment with The 1873 Club, Crossties, Crossties Holdings, or any other entity owned in whole or part by Allison Munn, Joe Gay and/or Ronald Leslie Munn. Moreover, Plaintiff agrees to never reapply for any position with The 1873 Club, Crossties, Crossties Holdings, or any other entity owned in whole or part by Allison Munn, Joe Gay and/or Ronald Leslie Munn, or take any assignment to work as a temporary employee there. Plaintiff acknowledges that if she is inadvertently hired in any such capacity, Defendants may immediately terminate that employment without cause and without liability.

  F. **Non-Disclosure.** Plaintiff agrees to not voluntarily disclose the contents and terms of this Agreement or the facts and allegations upon which it was based, including the consideration for this Agreement, except to her spouse, attorneys, and tax/financial advisors, if any, or unless otherwise mandated by law or legal process.  Plaintiff agrees that, if asked, Plaintiff may state that the matter has been resolved, or words of similar effect.  If an action is instituted to enforce the terms of this Agreement, disclosure of this Agreement will not constitute a breach of this provision.

  G. **No Admission of Liability; Inadmissibility of Agreement.** This Agreement shall not in any way be construed as an admission by Defendants of any liability whatsoever or as an admission by Defendants of any acts of wrongdoing, misclassification, or discrimination against Plaintiff or any other persons.  In fact, Defendants specifically disclaim improper wage payments, or any liability and wrongdoing.  Defendants affirmatively state that they have fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiff. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral, or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

  F. **Taxes.** Plaintiff shall be responsible for the correct payment of and reporting, including, but not limited to, the filing of returns, where required by law, with any and all federal, state, and local income tax authorities, of all payments received under this Agreement and shall pay all taxes, duties, levies, or imposts due or owing to any and all such taxing authorities. Plaintiff agrees to indemnify, defend, and hold harmless Defendants and the Released Entities from and against any and all penalties or taxes, claims, demands, and causes of action assessed or imposed by any federal, state and/or local taxing authority against Defendants and/or the Released Entities for or on account of penalties and/or taxes allegedly due and owing with respect to the payments described herein, or that in any way arise from or otherwise relate to the failure of Plaintiff to report or pay any and all taxes due or owing from Plaintiff to any and all taxing authorities. Plaintiff agrees that this indemnity obligation set out in this section shall

Doc ID: ecad829fab001dde040459dd4c903a71b276c404

include, but not be limited to, any and all payments, settlements, judgments, losses, damages, liabilities, taxes, penalties, assessments, fines, interest, reasonable costs of defense, including reasonable attorney fees, and other expenses arising from this indemnity obligation. Plaintiff acknowledges and agrees that she has not received any tax planning advice from Defendants or Defendants' attorneys.

**H.** **Approval Process:**  The Parties shall file a joint motion for approval of this Agreement.  If the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the Parties and the Court.

**I.** **Knowing and Voluntary Waiver:**  Plaintiff acknowledges and agrees that she has had sufficient time to consider this Agreement and to consult her undersigned legal counsel considering its meaning and significance.  When entering into this Agreement, Plaintiff has not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**J.** **Communications with Plaintiffs:**  Defendants have no responsibility with respect to any inquiries from Plaintiff about this Agreement and the settlement described herein.

**K.** **Choice of Law and Venue:**  This Agreement is deemed by the Parties to be made and entered into in the State of Arkansas.  It shall be interpreted, enforced, and governed under the laws of Arkansas.  Any action to enforce any part of this Agreement shall be brought in the federal courts located in Miller County, Arkansas.

**L.** **Waiver:**  Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**M.** **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties, as well as their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and/or assigns.

**N.** **Cooperation Clause:**  The Parties acknowledge that it is their intent to consummate the settlement described herein, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

**O.** **Entire Agreement:** This Agreement contains the entire Agreement between the Parties, and it replaces any prior agreements or understandings between the Parties.  All modifications to this Agreement must be made in writing and signed by the Parties.

Doc ID: ecad829fab001dde040459dd4c903a71b276c404

P. **Severability:** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

Q. **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

R. **Remedy for Breach:** If either Party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then that Party may present this Agreement to the United States District Court Western District of Arkansas, Texarkana Division, for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach, including legal fees and costs. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

S. **Signatures:** The Parties agree that this Agreement may be executed electronically, and a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The Parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, they will be provided to all Parties for their records.

T. **Construction:** This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

Doc ID: ecad829fab001dde040459dd4c903a71b276c404

**PLAINTIFF:**

05 / 04 / 2022                                       *[signature]*
_____                                   _____
Date                                             Courtney Gutierrez

**DEFENDANTS:**

_____                                   _____
Date                                       By: Ronald Leslie Munn, Individually and on behalf of The 1873 Club of Texarkana and Crossties of Texarkana, Inc.

_____                                   _____
Date                                       By: Joe Gay, Individually and on behalf of Crossties Texarkana Holdings, Inc.

_____                                   _____
Date                                       By:  Allison Munn, Individually

Doc ID: ecad829fab001dde040459dd4c903a71b276c404

**PLAINTIFF:**

_____     _____
Date                                              Courtney Gutierrez

**DEFENDANTS:**

5/6/2022
_____     _____
Date                                              By: Ronald Leslie Munn, Individually and on behalf of The 1873 Club of Texarkana and Crossties of Texarkana, Inc.

5/16/2022
_____     _____
Date                                              By: Joe Gay, Individually and on behalf of Crossties Texarkana Holdings, Inc.

5/16/2022
_____     _____
Date                                              By: Allison Munn, Individually

7