IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COURTNEY GUTIERREZ                                                            PLAINTIFF


v.                                     Case No. 4:20-cv-4108


THE 1873 CLUB OF TEXARKANA;
CROSSTIES OF TEXARKANA, INC.;
CROSSTIES TEXARKANA HOLDINGS,
INC.; ALLISON MUNN; JOE GAY; and
RONALD LESLIE MUNN                                                          DEFENDANTS

## ORDER

Before the Court is the parties' Joint Motion for Approval of Settlement and Partial

Dismissal. (ECF No. 28). No response is necessary. The matter is ripe for consideration.

### I. BACKGROUND

On December 15, 2020, Plaintiff Courtney Gutierrez filed this action, alleging that

Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and

the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, et seq., by failing to

pay her for all hours worked, including overtime.

Following the parties' participation in a settlement conference on March 18, 2022, with the

Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas,

they reached a settlement of Plaintiff's claims, as captured in a proposed Settlement Agreement

and Release of Claims. (ECF No. 28-1). They now ask the Court to approve their proposed

settlement agreement and dismiss Plaintiff's claims with prejudice, except to the extent that they

involve attorneys' fees and costs. On that issue, they ask the Court to retain jurisdiction over the

case and give them thirty days to begin negotiations regarding fees and costs. At the end of the

thirty days, they would either submit a joint stipulation of dismissal or, if they cannot agree on fees

and costs, Plaintiff will file a contested fee petition.

## II.  DISCUSSION

There are two ways in which FLSA wage claims can be settled or compromised by employees.  First, an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the back wages are paid in full.  *See* 29 U.S.C. § 216(c).  Second, when employees bring a private action for back wages under the FLSA, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness.  *Beauford v. ActionLink*, 781 F.3d 396, 405 (8th Cir. 2015); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008).  Most FLSA cases are not compromised under either category but, like here, are instead submitted to the district court for approval and dismissal with prejudice, which has the same effect as a stipulated judgment.  *See Melgar v. OK Foods*, No. 2:13-cv-2169-PKH, 2017 WL 10087890, at *1 (W.D. Ark. Jan. 26, 2017).

It is an open question in the Eighth Circuit whether the FLSA requires judicial approval to settle bona fide disputes over wages owed.  *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018).  Acknowledging that, this Court and others in the Eighth Circuit typically review a proposed FLSA settlement's terms for fairness to ensure the parties are not left in an "uncertain position."  *See, e.g.*, *King v. Raineri Const., LLC*, No. 4:14-cv-1828 (CEJ), 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015).  The Court will only approve a FLSA settlement agreement if it determines that the litigation "involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Frye v. Accent Mktg. Servs., LLC*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

A settlement addresses a bona fide dispute when it "reflects a reasonable compromise over issues actually in dispute." *King*, 2015 WL 631253, at *2 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)).  After all, if there was no dispute that a plaintiff is owed wages, allowing settlement would effectively endorse the parties having improperly negotiated around clearly established FLSA entitlements. *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 739-40 (1981). The "threshold for establishing whether a bona fide dispute exists between the parties is a low one met where the parties are in disagreement about the wages to be paid and liability of the issues." *Netzel v. W. Shore Grp., Inc.*, No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *4 (D. Minn. May 8, 2017).

In this case, Plaintiff alleges that Defendants failed to pay her all owed wages, including overtime compensation.  Defendants deny that Plaintiff was not compensated for all hours worked. Defendants also contend that the FLSA and AMWA do not apply to Plaintiff because they did not have an employee-employer relationship as defined by the FLSA and the AMWA.  The Court is satisfied that this case involves bona fide disputes.

To now determine whether the proposed FLSA settlement is fair and reasonable, the Court considers the totality of the circumstances, including factors such as "the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of an arm's length negotiations between the parties based on the merits of the case.'" *Trogdon v. Kleenco Maint. & Constr., Inc.*, No. 5:14-cv-5057-PKH, 2016 WL 7664285, at *2 (W.D. Ark. Nov. 18, 2016).  "This approach focuses on the fairness of the process used by the parties in reaching a settlement." *Grahovic v. Ben's Richardson Pizza Inc.*, No. 4:15-cv-1659-NCC, 2016 WL 1170977, at *2 (E.D. Mo. Mar. 25, 2016).  In doing so, the Court is

"mindful of the strong presumption in favor of finding a settlement fair." *Donoho v. City of Pac., Missouri*, No. 4:19-cv-186 NAB, 2019 WL 5213023, at *1 (E.D. Mo. Oct. 16, 2019); *see also Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999) ("[A] strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

The parties' proposed settlement is fair and reasonable. The settlement provides for compensation in the amount of $6,400.00. The parties indicate this amount is a reasonable compromise in light of Defendants' defenses regarding Plaintiff's employment status and the number of alleged overtime hours she claims. The parties reached their settlement after they conducted formal discovery regarding Plaintiff's claims, time records, pay records, compensation, and other issues bearing on the merits. The parties represent that settling is favorable because the settlement provides Plaintiff substantial relief without the risk, expense, and delay of further litigation, a trial, and any post-trial proceedings. Furthermore, a finding of fairness is supported by the fact that all parties involved have been represented by experienced counsel throughout the litigation and because the settlement is the product of a settlement conference featuring arm's length negotiation involving counsel and a United States magistrate judge. *Netzel v. W. Shore Grp., Inc.*, No. 16-CV-2552 (RHK/LIB), 2017 WL 1906955, at *6 (D. Minn. May 8, 2017).

In sum, this case involves bona fide disputes and the proposed settlement is fair, reasonable, and equitable to all parties. Approval will be given to the proposed settlement.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that the proposed settlement is fair and reasonable. The parties' joint motion (ECF No. 28) is **GRANTED**. Plaintiff's claims in this case are **DISMISSED WITH PREJUDICE**, other than her claim for reasonable attorneys' fees and costs pursuant to the FLSA. The Court retains jurisdiction over this case to allow Plaintiff to seek

reasonable fees and costs.  To that end, the parties have thirty days from the date of this order to confer regarding attorneys' fees and costs.  On or before June 16, 2022, either the parties must file a joint stipulation of dismissal, or Plaintiff must file a contested motion for fees and costs.

**IT IS SO ORDERED**, this 17th day of May, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge