IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COURTNEY GUTIERREZ                                                                                              PLAINTIFF

v.                                             Case No. 4:20-cv-4108

THE 1873 CLUB OF TEXARKANA, ET AL.                                                                  DEFENDANTS

**ORDER**

Before the Court is Plaintiff Courtney Gutierrez's Motion for Entry of Judgment. ECF No. 37. Defendants The 1873 Club of Texarkana, Crossties of Texarkana, Inc., Crossties Texarkana Holdings, Inc., Allison Munn, Joe Gay, and Ronald Leslie Munn have responded. ECF No. 40. The matter is ripe for consideration.

The parties participated in a settlement conference on March 18, 2022. Pursuant to the proposed settlement agreement, Defendants were required to provide compensation in the amount of $6,400 no later than forty-five (45) days from the Court's approval of the settlement agreement. ECF No. 28-1. On May 17, 2022, the Court approved the parties' proposed settlement agreement, creating a payment deadline of June 1, 2022. *See* ECF Nos. 28-1, 29.[1] In Plaintiff's instant motion (ECF No. 37), she states that, to date, Defendants have delivered three checks (in the amounts of $1,300, $700, and $1,000), for a total of $3,000. ECF No. 37. Plaintiff asks the Court to enter judgment pursuant to Federal Rule of Civil Procedure 58, enforcing the settlement agreement and requiring Defendants to pay the outstanding balance of $3,400. ECF No. 37. Further, although the settlement agreement did not provide for interest, Plaintiff now asks that the outstanding balance of $3,400 "be subject to post-judgment interest in accordance with 28 U.S.C. § 1961."

---

[1] The Court retained jurisdiction over the instant action, allowing the Court to consider Plaintiff's instant motion. *See* ECF No. 29, at 4 ("The Court retains jurisdiction over this case . . . .").

ECF No. 37, at 2.

In response, Defendants state that, to date, they have rendered a total payment of $5,100 to Plaintiff. ECF No. 40. Defendants further state that, since the date of Plaintiff's instant motion, they have mailed a check in the amount of $1,300, satisfying the agreed-upon $6,400 settlement amount. ECF No. 40. They allege that because they have paid Plaintiff in full, the Court should deny Plaintiff's motion. ECF No. 40, at 1 ("Upon receipt by Plaintiff's counsel via mail, which should be within days, this issue is rendered moot.").

Considering the parties' conflicting descriptions of what balance, if any, is currently outstanding, the Court hesitates to enter judgment at this juncture. Stated differently, Plaintiff represents that $3,400 is outstanding while Defendants represent that, since the date of Plaintiff's motion, they have mailed the final payment, rendering Plaintiff's motion moot. Accordingly, the Court **DIRECTS** Plaintiff to respond to the instant Order, informing the Court as to whether, since the date of her instant motion (ECF No. 37), she has been paid in full. Plaintiff should file this response **on or before Tuesday, November 22, 2022**, fourteen (14) days from the entry of the instant Order. After receiving her response, the Court will resolve her Motion for Entry of Judgment (ECF No. 37) but until then, her motion (ECF No. 37) remains pending.

**IT IS SO ORDERED**, this 8th day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge